IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MICHAEL PERRY, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EXTRUDED FIBERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Michael Perry, by and through undersigned counsel, and files this Complaint for Damages against Defendant Extruded Fibers, Inc. ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Robert Mcentire, 112 W. Westcott Way, Dalton, Georgia 30721.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has

been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff began his employment with Defendant, on or about October 2, 1991.

9.

Plaintiff suffers from disabilities, of which the employer had knowledge at all times relevant. In particular, Plaintiff suffered a stroke in or about February 2020. Plaintiff returned to work the same year, in or around December 2020. Following the stroke, Plaintiff began using a wheelchair part of the time and continued to suffer mobility and neurological issues due to his stroke.

10.

On or about June 1, 2022, Chad Mcentire, the business owner's son, asked Plaintiff whether he had considered going on disability benefits.

11.

That same week, on or around June 2, Chad Mcentire took over the company.

12.

On or about June 4, 2022, Chad and Bob Mcentire came to Plaintiff and said he was not able to do his job and terminated Plaintiff's employment.

13.

Plaintiff was and remains able to perform the essential job functions of the job.

14.

Defendant terminated Plaintiff because of his disabilities, or perceived disabilities.

15.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of his disabilities.

16.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

17.

Plaintiff repeats and re-alleges paragraphs 7-16 as if set forth fully herein.

18.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

19.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

20.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

21.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

22.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

23.

At all times relevant, Plaintiff could perform the essential functions of his position, with or without a reasonable accommodation.

24.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

25.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

26.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

27.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has

not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

28.

Plaintiff is entitled to damages, including lost wages, along with compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

This 8th day of September, 2022.

            **BARRETT & FARAHANY**

            s/V. Severin Roberts
            V. Severin Roberts
            Georgia Bar No. 940504
            *Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com